UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:15-cv-723-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner is a state prisoner proceeding without counsel in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss this action for failure to exhaust state judicial remedies as required by the Antiterrorism and Effective Death Penalty Act (AEDPA). ECF No. 13. Petitioner opposes the motion and respondent has filed a reply. ECF Nos. 14, 15. For the reasons that follow, it is recommended that the motion be granted.

  A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

  Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations

omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

The instant petition refers to various state laws, state constitutional provisions, and federal constitutional clauses. ECF No. 1. The record reflects that following his conviction in 2010, petitioner filed two petitions in the California Supreme Court (case numbers S223643 and S221595). *See* ECF No. 13 at 2-3, Exs. 1-6. Respondent asserts that neither of these petitions referred to any federal claims or cited to any federal authority or constitutional provision. *See* ECF No. 13, Ex. 7 (Cal. Sup. Pet. Case No. S221595); Ex. 8 (Cal. Sup. Pet. Case No. S223643). Indeed, the allegations in each petition concern CDCR's apparent refusal to parole petitioner, and do not include any federal claims for relief. *See id.* Petitioner, who filed a statement of opposition to the motion, does not refute respondent's representations or otherwise demonstrate that he has actually presented any of his federal claims to the California Supreme Court. *See* ECF No. 14.

1    Thus, to the extent the instant petition raises any federal claims, those claims are
2 unexhausted.  Any claims based solely on state law are unreviewable by this court.  *Swarthout v.*
3 *Cooke*, 562 U.S. 216, 221-22 (2011).  For these reasons, federal habeas relief is unavailable.
4    Accordingly, it is hereby RECOMMENDED that respondent's August 3, 2015 motion to
5 dismiss (ECF No. 13) be granted.
6    These findings and recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
8 after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties. Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
11 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
12 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
13 his objections petitioner may address whether a certificate of appealability should issue in the
14 event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases
15 (the district court must issue or deny a certificate of appealability when it enters a final order
16 adverse to the applicant).
17 Dated:  December 1, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE